The Cardoza Law Corporation
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700
*Attorney for Plaintiff*,
Jessica J. Gallant

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA J. GALLANT<br><br>Plaintiff,<br><br>v.<br><br>SACOR FINANCIAL, INC., LAW OFFICES OF JOSEPH W. SCALIA, APC and JOSEPH W. SCALIA, ESQ. individually and in his official capacity;<br><br>Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1.) FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.; AND**<br><br>**2.) ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL CIV §§ 1788, ET SEQ.**<br><br>DEMAND FOR JURY TRIAL |

///

///

///

///

///

///

///

COMPLAINT FOR DAMAGES

## INTRODUCTION

1. **JESSICA J. GALLANT** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, attorney fees, and costs, against **SACOR FINANCIAL, INC., LAW OFFICES OF JOSEPH W. SCALIA, APC and JOSEPH W. SCALIA, ESQ.** individually and in his official capacity for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), all of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

5. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

## JURISDICTION AND VENUE

6. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

7. This action arises out of Defendants' violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## FDCPA AND RFDCPA

9. In enacting the FDCPA, Congress found that:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e.    It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

10. Similarly, when enacting the RFDCPA, the California Legislature found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civ. Code § 1788.1(a)(1).

11. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

12. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff

need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

13. Plaintiff is a natural person who resides in the County of Los Angeles, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "Debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Defendant SACOR Financial, Inc. (hereinafter "Defendant SACOR") is a California corporation operating from an address of 1911 Douglas Blvd. #85-205, Roseville, CA 95661, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt buying and collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the acquisition and collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

15. Defendant Law Offices of Joseph W. Scalia, APC (hereinafter "Defendant Scalia, APC") is a California professional corporation operating from an address of 1911 Douglas Blvd. #85-435, Roseville, CA 95661, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

16. Defendant Joseph W. Scalia, Esq. (hereinafter "Defendant Scalia, Esq.") is a natural person, a licensed attorney in the State of California operating from an address of 1911 Douglas Blvd. #85-435, Roseville, CA 95661, and is or was an employee, agent, and/or director of Defendant Law Offices of Joseph W. Scalia, APC at all relevant times, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

17. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

18. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in

doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

19. Plaintiff is an individual residing in the County of Los Angeles in the State of California.

20. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

21. Plaintiff's father, prior to his death in 2014, had a credit card for personal, household, and family use from MBNA America, and fell behind on his bills. Plaintiff was neither a cardholder, an authorized user, nor a co-signer of her father's MBNA credit card account.

22. Defendant Scalia, APC represents Defendant SACOR in the matter of the collection of a delinquent consumer debt originally owed to MBNA America Bank, N.A., which was reduced to a money judgment in the California State Superior Court in favor of National Credit Acceptance, Inc. in November of 2001 and assigned Case Number XXX08037.

23. Upon information and belief, Defendant SACOR is the successor in interest to National Credit Acceptance, Inc. and the debt related to Case Number XXX08037.

24. On or about April 9, 2012, Plaintiff mailed a letter to Defendant Scalia disputing a debt she allegedly owed to National Credit Acceptance, Inc. pursuant to Case Number XXX08037 and refusing to pay it.

25. On or about May 28, 2018, Plaintiff mailed a letter to Defendant Scalia disputing a debt she allegedly owed to National Credit Acceptance, Inc. pursuant to Case Number XXX08037 and refusing to pay it.

26. On or about June 7, 2018, Defendant Scalia, Esq. sent a letter to Plaintiff acknowledging receipt of Plaintiff's letter of May 28th. Defendants' letter of June 7th did NOT advise Plaintiff that Defendants' further collection efforts were being terminated, it did NOT notify Plaintiff that Defendants or anyone else may invoke specified remedies which are ordinarily invoked by debt collectors or creditors, and, it did NOT notify Plaintiff that Defendants or anyone else intended to invoke a specified remedy.

27. Defendants' letter of June 7th restated that Plaintiff had a judgment against her and enclosed copies of the judgment and the renewal, including the judgment balance. The letter invited Plaintiff to speak directly to an agent of Defendant SACOR named Mark Stewart, and was wholly without the notice required by 15 U.S.C. § 1692e(11).

28. In hopes of putting the matter to rest, Plaintiff called Defendant SACOR. After speaking briefly with a receptionist, Plaintiff was transferred to a man who identified himself as Mark Stewart. Plaintiff told Mark Stewart that, as she had stated in her letter of 2012, that she had never been served with the collection lawsuit for her father's MBNA card. Mark Stewart insisted that Plaintiff did owe the debt and told Plaintiff that he knew that Plaintiff's father owned a home and that Plaintiff's (deceased) father should take out a 2nd mortgage on it to pay the debt so that Plaintiff wouldn't have to.

29. Neither Mark Stewart nor Defendant SACOR's receptionist gave plaintiff the verbal notice required by 15 U.S.C. § 1692e(11).

## ACTUAL DAMAGES

30. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF § 1692C OF THE FDCPA

## (AGAINST ALL DEFENDANTS)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. A debt collector violates § 1692c of the FDCPA when, after being notified in writing that a consumer refuses to pay a debt it communicates further with that consumer with respect to the debt.

33. Defendants violated § 1692c when they, among other qualifying actions and omissions, willfully and without legal excuse, communicated with Plaintiff regarding the alleged debt after being notified in writing that Plaintiff refused to pay it.

## COUNT II

### VIOLATION OF § 1692E OF THE FDCPA

### (AGAINST ALL DEFENDANTS)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. Defendants violated § 1692e when it, among other qualifying actions and omissions, willfully omitted the notice to Plaintiff required by 15 U.S.C. § 1692e(11).

## COUNT III

**VIOLATION OF § 1788.15(A) OF THE RFDCPA**

**(AGAINST DEFENDANT SACOR)**

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. A defendant violates § 1788.15(a) of the RFDCPA when it attempts to "collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process … has not been legally effected."

39. Defendant SACOR violated § 1788.15(a) of the RFDCPA when they willfully attempted to continue to collect the judgment against Plaintiff's father from Plaintiff when it knew that service of process to Plaintiff had not been legally effected.

## COUNT IV

**VIOLATION OF § 1788.17 OF THE RFDCPA**

**(AGAINST DEFENDANTS SACOR AND SCALIA, APC)**

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

42. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692d, § 1692e, § 1692f, and § 1692g.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendants and for Plaintiff, and,

b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each of Defendants SACOR and Scalia, APC and for Plaintiff, and,

d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendants and for Plaintiff, and,

e) Award to Plaintiff of such other and further relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED.**

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

| | |
|---|---|
| DATED: August 8, 2018 | THE CARDOZA LAW CORPORATION<br><br>BY: /S/ MICHAEL F. CARDOZA<br>MICHAEL F. CARDOZA, ESQ.<br>(SBN: 194065)<br>MIKE.CARDOZA@CARDOZALAWCORP.COM<br>548 MARKET ST. #80594<br>SAN FRANCISCO, CA 94104<br>TELEPHONE: (415) 488-8041<br>FACSIMILE:  (415) 651-9700<br><br>ATTORNEY FOR PLAINTIFF,<br>JESSICA J. GALLANT |